UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JWYANZA REED,
    Appellant,

  v.

DEPARTMENT OF HEALTH AND
  HUMAN SERVICES,
    Agency.

DOCKET NUMBER
DC-1221-21-0222-W-3

DATE: January 25, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jwyanza Reed</u>, Esquire, Greenbelt, Maryland, pro se.

<u>Andrea M. Downing</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1  The agency has filed a petition for review of the initial decision, which granted in part and denied in part the appellant's request for corrective action in her individual right of action appeal. On petition for review, the agency primarily argues that the administrative judge erred in finding that the appellant made a protected disclosure. The appellant filed a cross petition for review challenging

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the administrative judge's determination that the evidence supporting her placement on leave without pay (LWOP) in March 2020 was strong. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). As discussed below, we DISMISS the petition for review due to the agency's noncompliance with the interim relief order. We DENY the appellant's cross petition for review, concluding that she has not established any basis under section 1201.115 for granting it.[2] Therefore, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant filed this appeal alleging, as relevant for purposes of this discussion, that she was terminated from her Attorney Advisor position during her trial period for disclosing that requiring her to telework in anticipation of the COVID-19 pandemic would violate a collective bargaining agreement (CBA) provision stating that telework was voluntary. *Reed v. Department of Health and Human Services*, MSPB Docket No. DC-1221-21-0222-W-1, Initial Appeal File, Tab 1; *Reed v. Department of Health and Human Services*, MSPB Docket No.

---

[2] We also deny the appellant's motion for leave to file a reply to the response to her cross petition for review. The appellant has not shown that the information she would submit is material to the outcome of this appeal, nor that it was not readily available before the record closed on review. Petition for Review File, Tab 12; *see* 5 C.F.R. § 1201.114(k).

DC-1221-21-0222-W-3, Appeal File (W-3 AF), Tab 6 at 4-5, Tab 20 at 30-31. During the appeal, the administrative judge determined that the appellant exhausted her remedies with the Office of Special Counsel and established Board jurisdiction over her claim. W-3 AF, Tab 11 at 7-12.

¶3      After holding a hearing, the administrative judge concluded in a February 2023 initial decision that the appellant made a protected disclosure about the alleged CBA violation which was a contributing factor in her termination and that the agency did not prove by clear and convincing evidence that it would have terminated her absent her disclosure. W-3 AF, Tab 35, Initial Decision (ID). The administrative judge ordered as corrective action, among other things, rescission of the appellant's September 25, 2020 termination and reinstatement retroactive to that date. ID at 47-48. The administrative judge also ordered the agency to provide interim relief effective the date of the initial decision if either party filed a petition for review. ID at 48-49.

¶4      The agency filed a petition for review, as well as a March 29, 2023 certification of compliance with the interim relief order stating that the appellant had been extended a reinstatement offer to which she had not responded. Petition for Review (PFR) File, Tabs 1-2. The appellant then moved to dismiss the agency's petition for review for noncompliance with the interim relief order. PFR File, Tab 4. She attached to her motion the agency's reinstatement offer, her April 4, 2023 response requesting, among other things, a start date not before August 28, 2023, and the agency's same-day answer denying her request and giving her until April 12, 2023, to accept reinstatement with certain start dates in April or May 2023. *Id.* at 8-10. The appellant argued in her motion that she had not been reinstated, that it was unreasonable for the agency to demand that she return on the April or May 2023 dates because she had been separated for over 2 years and that the interim relief order did not prevent implementation of a delayed return date. *Id.* at 5-6.

¶5	With its response to the motion to dismiss, the agency attached a Standard Form 50 showing the appellant's April 12, 2023 resignation and an agency email informing the appellant that it interpreted her failure to accept reinstatement and motion to dismiss the petition for review as a rejection of the reinstatement offer, and thus rescinded her termination and replaced it with the resignation.  PFR File, Tab 8 at 106, 112-13.  The agency also attached the appellant's response to a subsequent agency email, in which she asserted that she never resigned, that she was unwilling to leave her then-current employment, which the agency indicated was outside the Federal Government, and that it was unreasonable for the agency to demand her return in April or May 2023, while "actively seek[ing] a decision that would exclude [her] from the workplace to which [it] currently demands [her] return."  *Id.* at 20, 109-111.

## ANALYSIS

¶6	With exceptions not relevant for purposes of this discussion, 5 U.S.C. § 7701(b)(2)(A) provides that if an employee prevails in a Board appeal, she shall be granted the relief provided in the decision effective upon the making of the decision and remaining in effect pending the outcome of any petition for review.  As noted previously, in the initial decision, the administrative judge ordered the agency to, among other things, rescind the appellant's September 25, 2020 termination, reinstate the appellant retroactive to her termination, and provide her interim relief in accordance with 5 U.S.C. § 7701(b)(2)(A) if either party filed a petition for review.  ID at 47-49.  Thus, based on statutory language and the administrative judge's order, the agency was required to reinstate the appellant effective the date of the initial decision.  *See Johnson v. Department of Veterans Affairs*, 2023 MSPB 9, ¶ 7 (stating that interim relief generally requires returning the appellant to duty and providing her with the pay and benefits of employment).  By refusing to return to work on the terms set by the agency, the appellant did not forfeit her right to reinstatement.  *See Abbott v. Department of Veterans Affairs*,

67 M.S.P.R. 124, 129 (1995) (finding an agency not in compliance with an interim relief order when it interposed conditions on the appellants' return to duty). Because the agency denied the appellant this right by processing a resignation, rather than reinstating her, we conclude that the agency has not complied with the interim relief order and dismissal of the petition for review is appropriate. *See Lambert v. Department of the Navy*, 85 M.S.P.R. 130, ¶ 8 (2000) (dismissing an agency's petition for review for failure to reinstate an appellant effective the date of an initial decision as required by an interim relief order).

¶7        In so concluding, we do not assert that the agency lacked any options in responding to the appellant's request for a delayed start date. For example, the Board has found that placement of appellants on LWOP status based on refusals to report for duty during interim relief periods did not violate interim relief orders. *Byers v. Department of Veterans Affairs*, 89 M.S.P.R. 655, ¶¶ 9, 12 (2001); *Wilson v. Department of Justice*, 68 M.S.P.R. 303, 308-09 (1995); *cf. Johnson*, 2023 MSPB 9, ¶¶ 8-9 (finding that an agency's placement of an appellant on LWOP status without making any effort to resume pay during the interim relief period warranted dismissal of its petition for review). It is well settled that an interim relief order does not insulate an appellant from subsequent agency action as long as that action is not inconsistent with the initial decision. *Rutberg v. Occupational Safety and Health Review Commission*, 78 M.S.P.R. 130, 135 (1998). But in denying the appellant the reinstatement ordered by the administrative judge, the agency's unilateral, involuntary resignation of the appellant was inconsistent with the interim relief order and accordingly cannot stand. *See Russell v. Department of Justice*, 74 M.S.P.R. 289, 293-94 (1997) (ordering an agency to hold harmless and reimburse an appellant for expenses related to a unilateral, involuntary, and improper geographic reassignment in violation of an interim relief order).

**ORDER**

¶8    We ORDER the agency to cancel the appellant's termination, reinstate her effective September 25, 2020, and cancel the appellant's April 12, 2023 resignation.[3]  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶9    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶10    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶11    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

---

[3] We find that appropriate corrective action under subsections (e)(1) and (g)(1)(A)(i) of 5 U.S.C. § 1221, in order to place the appellant as nearly as possible in the position she would have occupied had the prohibited personnel practice not occurred, necessarily includes cancelation of the April 12, 2023 resignation.

¶12    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST CONSEQUENTIAL AND/OR**
**COMPENSATORY DAMAGES**

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential damages.  To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.204.

In addition, the Whistleblower Protection Enhancement Act of 2012 authorized the award of compensatory damages including interest, reasonable

expert witness fees, and costs, 5 U.S.C. § 1214(g)(2), which you may be entitled to receive.

If you believe you are entitled to these damages, you must file a motion for consequential damages and/or compensatory damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE PARTIES**

A copy of the decision will be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(f)(3). Please note that while any Special Counsel investigation related to this decision is pending, "no disciplinary action shall be taken against any employee for any alleged prohibited activity under investigation or for any related activity without the approval of the Special Counsel." 5 U.S.C. § 1214(f).

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          *Jennifer Everling*
                        _____
                        Jennifer Everling
                        Acting Clerk of the Board
Washington, D.C.


# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.